HONORABLE BRIAN D. LYNCH
Chapter 11
Hearing Date: January 11, 2018
Hearing Time: 9:30 a.m.
Response Date: January 8, 2018
Location: Tacoma, Courtroom I

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In re:<br><br>OLYMPIA OFFICE, LLC,<br><br>Debtor. | Case No. 17-44721-BDL<br><br>DECLARATION OF DAVID BORNHEIMER IN SUPPORT OF MLMT2005-MCP1 WASHINGTON OFFICE PROPERTIES, LLC'S MOTION UNDER BANKRUPTCY CODE SECTIONS 105, 362(d)(1), 362(d)(2), 362(d)(4) AND 1112(b) FOR RELIEF FROM THE AUTOMATIC STAY OR IN THE ALTERNATIVE FOR DISMISSAL OR CONVERSION OF BANKRUPTCY CASES |

I, David Bornheimer, declare as follows:

1. I am a Vice President for Midland Loan Services, a division of PNC Bank, National Association ("Midland"), special servicer for secured creditor MLMT 2005-MCP1 Washington Office Properties, LLC ("Noteholder"), and submit this declaration in in support of Noteholder's Motion Under Bankruptcy Code Sections 105, 362(d)(1), 362(d)(2), 362(d)(4) and 1112(b) for Relief From the Automatic Stay or in the Alternative for Dismissal or Conversion of Bankruptcy Cases (the "Motion") against debtors Olympia Office LLC ("Olympia"), WA Portfolio LLC ("WA"), Mariners Portfolio LLC ("Mariners"), and

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:485085670.1

Case 17-44721-BDL    Doc 31    Filed 01/03/18    Ent. 01/03/18 19:02:20    Pg. 1 of 13

Seahawk Portfolio LLC ("Seahawk", and collectively with WA, Mariners and Olympia, "Debtors") so that Noteholder may proceed with its non-judicial foreclosure sales of eight office properties in Washington State (the "Properties").

2. I have knowledge of the facts set forth herein, and if called upon as a witness to testify in this matter, would and could do so competently.

**Exhibits Submitted in Support of the Motion**

3. Attached hereto as Exhibits A, B, C, D, E, F, G and H are true and correct copies of the Notices of Sale and Notices of Foreclosure, dated July 1, 2016 and July 21, 2016, respectively, with respect to the non-judicial foreclosure sales of certain of the Properties that were scheduled for October 21, 2016.

4. Attached hereto as Exhibit I is a true and correct copy of the promissory note dated September 29, 2004 issued by Merrill Lynch Mortgage Lending, Inc. to CDC Properties I, LLC in the original principal face amount of $40,700,000.

5. Attached hereto as Exhibit J is a true and correct copy of the promissory note dated September 29, 2004 issued by Merrill Lynch Mortgage Lending, Inc. to CDC Properties I, LLC in the original principal face amount of $2,557,500.

6. Attached hereto as Exhibit K is a true and correct full copy of one of the Deeds of Trust with Security Agreement, Assignment of Leases and Rents and Fixture Filings with respect to the Properties. Each of the Properties is subject to a Deed of Trust in the same form.

7. Attached hereto as Exhibit L is a true and correct copy of excerpts from the deposition testimony of Eric D. Orse dated May 24, 2017.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:485085670.1

Case 17-44721-BDL    Doc 31    Filed 01/03/18    Ent. 01/03/18 19:02:20    Pg. 2 of 13

8. Attached hereto as Exhibit M is a true and correct copy of excerpts from the deposition testimony of Scott G. Switzer dated May 24, 2017.

9. Attached hereto as Exhibit N is a true and correct copy of the Purchase Agreement, dated September 9, 2016, in which CDC Member, LLC entered into an agreement to acquire the Properties from CDC Properties I, LLC.

10. Attached hereto as Exhibit O is a true and correct copy of the Declaration of Michael M. Feinberg, one of the attorneys for Eric D. Orse, dated November 29, 2016.

11. Attached hereto as Exhibit P is a true and correct copy of the Plan of Reorganization for CDC Properties I, LLC and the Order Confirming Plan dated November 22, 2011 issued by the United States Bankruptcy Court for the Western District of Washington, Case No. 11-41010.

12. Attached hereto as Exhibit Q is a true and correct copy of the Quit Claim Deeds, dated September 23, 2016, by which the Properties were purportedly transferred to the Debtors.

13. Attached hereto as Exhibit R is a true and correct copy of a September 23, 2016 Email from Robyn Tuerk to Diana K. Carey.

14. Attached hereto as Exhibits S, T, U, and V are true and correct copies of Declarations Pursuant to Local Rule 1007-1(b) each filed with the United States Bankruptcy Court for the Eastern District of New York by each Transferee.

15. Attached hereto as Exhibits W, X, Y, and Z are true and correct copies of Official Forms 201—Voluntary Petitions for Non-Individuals Filing for Bankruptcy filed with the United States Bankruptcy Court for the Eastern District of New York by each Transferee.

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:485085670.1

Case 17-44721-BDL    Doc 31    Filed 01/03/18    Ent. 01/03/18 19:02:20    Pg. 3 of 13

16. Attached hereto as Exhibit AA is a true and correct copy of excerpts from the deposition testimony of Michael Pilevsky dated May 24, 2017.

17. Attached hereto as Exhibit BB is a true and correct copy of the transcript of the December 14, 2016 Interim Hearing on Debtor-In-Possession Financing in the United States Bankruptcy Court for the Eastern District of New York.

18. Attached hereto as Exhibit CC is a true and correct copy of the Order of the United States Bankruptcy Court for the Eastern District of New York dismissing the bankruptcy cases brought by the Debtors, dated October 19, 2017.

19. Attached hereto as Exhibit DD is a true and correct copy of the oral ruling of the United States Bankruptcy Court for the Eastern District of New York dismissing the bankruptcy cases brought by the Debtors, dated September 28, 2017.

20. Attached hereto as Exhibit EE is a true and correct copy of the Payoff Statement for the A Note dated October 27, 2017.

21. Attached hereto as Exhibit FF is a true and correct copy of the Payoff Statement for the B Note dated October 25, 2017.

22. Attached hereto as Exhibits GG, HH, II, JJ, KK, LL, MM, and NN, are true and correct copies of the Amended Notices of Trustee's Sale with respect to the Properties, that were filed on or about November 14, 2017.

23. Attached hereto as Exhibits OO, PP, QQ, and RR, are true and correct copies of filings with the Secretaries of State of New York, Delaware, Virginia and Florida, respectively, detailing the formation of Olympia Office, LLC, WA Portfolio, LLC, Mariners Portfolio, LLC and Seahawk Portfolio, LLC.

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:485085670.1

24. Attached hereto as Exhibit SS is a true and correct copy of the October 18, 2016 default notice letter addressed to CDC Properties I, LLC and Eric D. Orse.

25. Attached hereto as Exhibit DDD is a true and correct copy of an excerpt from the transcript of the May 24, 2017 Evidentiary Hearing in the United States Bankruptcy Court for the Eastern District of New York.

**The Loans and Deeds of Trust**

26. On or about September 29, 2004, the Original Lender loaned CDC Properties I, LLC ("CDC") $43,257,000 (the "Loans"). The Loans are evidenced by two promissory notes: (i) a promissory note in the original principal face amount of $40,700,000 (the "A Note") and (ii) a promissory note in the original principal face amount of $2,557,500 (the "B Note," the A Note and the B Note are collectively referred to as the "Notes"). The original maturity of the Notes was October 1, 2014.

27. As security for obligations under the Notes, Debtor executed eleven Deeds of Trust with Security Agreement, Assignment of Leases and Rents and Fixture Filings, eight of which are still in effect (collectively, the "Deeds of Trust"). In the Deeds of Trust, CDC granted the Original Lender a first priority lien on the Properties.

28. As further security, CDC also executed Assignments of Leases and Rents and Security Deposits in favor of the Original Lender for each of the Properties (the "Assignment of Rents").

29. The Loans and the Notes are cross-defaulted and cross-collateralized pursuant to Section 3.1 of the A Note and Section 3.1 of the B Note.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:485085670.1

Case 17-44721-BDL    Doc 31    Filed 01/03/18    Ent. 01/03/18 19:02:20    Pg. 5 of 13

**The CDC Bankruptcy**

30. Beginning in October 2010, the Original Debtor defaulted under the Loans when it stopped making payments on the B Note. On February 10, 2011, the Original Debtor filed a voluntary petition for bankruptcy protection with the United States Bankruptcy Court for the Western District of Washington (the "CDC Bankruptcy Court") – this case. On November 22, 2011, the CDC Bankruptcy Court confirmed the Original Debtor's Plan of Reorganization (the "CDC Plan").

31. Under the CDC Plan, the Loans were restructured with revised monthly payment amounts and a new maturity date of October 17, 2017, but the Notes, Deeds of Trust and Assignments of Rents remained in effect pursuant to their terms, except with respect to the new payment amounts and maturity date.

**The Waterfall Provisions in the CDC Plan**

32. Certain waterfall provisions in the CDC Plan (the "Waterfall Provisions") govern the allocation of payments made from a deposit account set up under the CDC Plan (the "CDC Account"). (CDC Plan at p. 18.) In accordance with the Waterfall Provisions in the CDC Plan, the cash management requirements and reserve funding provisions in the Deeds of Trust remain in force. (*Id.*)

33. Pursuant to the Waterfall Provisions, the first payments under the CDC Plan are credited to reserves for monthly property taxes, insurance and customary operating expenses, as well as administrative expenses under the Cash Management Agreement contained in the Deeds of Trust. The funds necessary to pay these reserve amounts are collectively maintained in the CDC Account. As a result, the bank statements for the CDC Account reflect an aggregate balance of those multiple accounts and sub-accounts, and that

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:485085670.1

Case 17-44721-BDL    Doc 31    Filed 01/03/18    Ent. 01/03/18 19:02:20    Pg. 6 of 13

cumulative balance does not account for escrow and reserve amounts mandated by the subject loan documents for property taxes, insurance premiums, replacement reserves and re-letting reserves.

34. The amounts necessary to fund the escrow and reserve accounts pursuant to the Deeds of Trust total $1,395,526.47, which includes six months of taxes and insurance premiums totaling $214,256.22, one month of debt service payments of $257,607.13, $153,699.12 to fully fund the Recurring Replacement Reserve Sub-Account and $770,000 to fully fund the Reletting Reserve Sub-Account. (*See* Exhibit K §§ 5.02, 5.05; Exhibit P at p. 18, Exhibit P.) These reserve requirements must be satisfied and maintained before funds become available for payment of debt service in accordance with both the Deeds of Trust and the CDC Plan.

**In July 2013, CDC Defaulted on its Obligations Under the CDC Plan**

35. In the Motion, the Debtors claim that the Noteholder has not fully accounted for the amounts owed under the Loans. This is incorrect, as the Noteholder has fully accounted for the amounts paid into the CDC Account and that accounting shows that CDC defaulted on the loans at issue and the CDC Plan in July 2013 when CDC defaulted under the B Note by failing to make a monthly payment when due, which acted as a cross-default under the A Note. Specifically, there were insufficient funds to make the required B Note monthly payment due to the fact that funds in the bank accounts were not adequate to fund the reserves and escrows as mandated by the subject loan documents and the Waterfall Provisions.

36. CDC's July 2013 default on the Loans, which was never cured, was based upon CDC's inability to meet its obligations under the waterfall provisions contained in the Deeds of Trust and the CDC Plan, which required that certain necessary expenses (*e.g.*,

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:485085670.1

Case 17-44721-BDL    Doc 31    Filed 01/03/18    Ent. 01/03/18 19:02:20    Pg. 7 of 13

property taxes, insurance premiums and customary operating expenses, *inter alia*) be satisfied before payments could be applied to the principal and interest payments on the Loans.

37. In addition to those necessary expense payments, the waterfall provisions contained in the Deeds of Trust and the CDC Plan also required CDC to maintain certain reserves in sub-accounts, that were cumulatively accounted for in CDC's primary deposit account, the CDC Account. The funding of these reserve amounts also takes precedence over the payment of principal and interest on the Loans under the Deeds of Trust and the CDC Plan. CDC defaulted on the B Note in July 2013 when there were insufficient funds left in the CDC Account to make the required B Note principal and interest payment in light of the insufficiency of funds available for making the required expense and reserve account payments clearly mandated by the subject loan documents and the CDC Plan. CDC never cured that default, and, as a result, the amount owed on the Loans as of October 17, 2017 exceeded $46 million.

38. The July 2013 default on the Loans is reflected in two analyses that the Noteholder prepared, which reflect both (i) the book activity (the "Book Activity Analysis") (attached hereto as Exhibit TT) and the bank account activity (the "Bank Activity Analysis") (attached hereto as Exhibit UU). These analyses illustrate the clear defaults under the CDC Plan and the Loans. The Book Activity Analysis reflects the funds available to CDC for payment in accordance with the Waterfall Provisions as of the effective dates of payment of the Notes' monthly debt service amounts, as well as the effective dates that funds were posted to the required escrow and reserve accounts for property taxes, insurance, replacement and reletting services. Debtors were provided with the Book Activity Analysis and the Bank Activity Analysis, and all of the supporting documentation discussed below at least as of July

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:485085670.1

Case 17-44721-BDL    Doc 31    Filed 01/03/18    Ent. 01/03/18 19:02:20    Pg. 8 of 13

11, 2017 when they were filed in connection with the Debtors' now dismissed bankruptcy proceedings.

39. The Book Activity Analysis reflects the book activity in the CDC Account pursuant to the Waterfall Provisions from January 2013 through December 2015. The Bank Activity Analysis reflects bank account activity in the CDC Account pursuant to the Waterfall Provisions from January 2013 through June 2016. Both the Book Activity Analysis and the Bank Activity Analysis are summaries prepared by Midland on behalf of the Noteholder that were compiled from business records maintained in the ordinary course of the regularly conducted business activity of Midland and the Noteholder.

40. Those business records include: the tax escrow history report for the Loans, which is attached hereto as Exhibit VV; the insurance escrow history report for the Loans, which is attached hereto as Exhibit WW; the replacement reserve history report for the Loans, which is attached hereto as Exhibit XX; and the reletting reserve history report for the Loans, which is attached hereto as Exhibit YY. Each of these business records is maintained in the ordinary course of the regularly conducted business activity of Midland and the Noteholder, and the information contained in these business records is recorded in those records at or near the time the payments, credits, transfers and other transactions reported thereon occurred, by Midland personnel with knowledge of and a business duty to record those payments, credits, transfers and other transactions, on behalf of the Noteholder.

41. The Noteholder also prepared a reconciliation (the "Bank Statement Reconciliation"), which reconciles the initial bank statement balances and the escrow and reserve balances from January 2013 through June 2016. The Bank Statement Reconciliation is attached hereto as Exhibit ZZ. The Bank Statement Reconciliation is a summary prepared

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:485085670.1

Case 17-44721-BDL    Doc 31    Filed 01/03/18    Ent. 01/03/18 19:02:20    Pg. 9 of 13

by Midland on behalf of the Noteholder that was compiled from the business records described above, as well as the bank statements for the CDC Account (the "CDC Account Statements").

42. The CDC Account Statements from January 2013 through June 2016 are attached hereto as Exhibit AAA. The CDC Account Statements are maintained by PNC Bank in the ordinary course of its regularly conducted business activity and the information contained in the CDC Account Statements were recorded at or near the time the payments, credits, transfers and other transactions reported thereon occurred, by PNC Bank personnel with knowledge of and a business duty to record those payments, credits, transfers and other transactions.

43. With respect to these analyses, the Book Activity Analysis is the most important, as it reflects the funds available to CDC for payment in accordance with the Waterfall Provisions as of the effective dates of payment of the A Note and B Note monthly debt service amounts, as well as the effective dates that funds were posted to the required escrow and reserve accounts for property taxes, insurance, replacement and reletting reserves. As set forth in the at the Book Activity Analysis, a default occurred under the B Note in July 2013 by virtue of there being insufficient funds to make the required B Note monthly payment due to the fact that funds in the bank accounts were not adequate to fund the reserves and escrows as mandated by the subject loan documents and the Waterfall Provisions of the CDC Plan.

44. CDC's default under the B Note caused a default under the A note in July 2013 by virtue of the cross-default provisions of the operative documents governing the Loans. Pursuant to the terms of the Loans and the Deeds of Trust, the failure to make a monthly

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:485085670.1

Case 17-44721-BDL    Doc 31    Filed 01/03/18    Ent. 01/03/18 19:02:20    Pg. 10 of 13

payment on the B Note constituted an Event of Default with respect to both the A Note and the B Note, and Noteholder was not required to provide notice of the default to CDC. (Exs. I and J, Notes A & B § 3.1; Ex. K, Deeds of Trust §§ 13.01(b), 18.11.) As a result of CDC's default in July 2013, which has never been cured, default interest accrued on the whole amount due to Noteholder beginning on that date. (Ex. K, Deeds of Trust § 13.02(b).)

45. The Book Activity Analysis also reflects CDC's separate payment default under the A Note in September 2015 by its failure to make required reserve payments under the notes. As also reflected in the Book Activity Analysis, in September 2015, CDC lacked the necessary funds to make certain reserve payments in accordance with the Waterfall Provisions, the CDC Plan and the Loans. As reflected in the Book Activity Report, the July 2013 and September 2015 defaults were never cured.

**The Noteholder's Debt as of the October 17, 2017 Maturity Date of the Loans**

46. The Amended Notices of Trustee's Sale that were recorded, published, posted and served on or about November 14, 2017 accurately reflect the fact that, as of the October 17, 2017 Maturity Date of the Loans, Noteholder was owed an amount totaling not less than $46,613,166.93 pursuant to the Notes, the Deeds of Trust and the other loan documents. This amount is further supported by the payoff statements attached as Exhibits EE and FF. As set forth in the Amended Notices of Trustee's Sale and the payoff statements, interest on the Loans continues to accrue at a rate of $11,511.40 per day, or $350,148.48 per month.

47. The principal balance and other charges with respect to the Notes are also contemporaneously tracked in loan histories that Noteholder maintains with respect to the A Note and the B Note (the "Loan Histories"). The entries in the Loan Histories were prepared by Midland on behalf of the Noteholder, and the entries made therein were made at or about

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:485085670.1

Case 17-44721-BDL    Doc 31    Filed 01/03/18    Ent. 01/03/18 19:02:20    Pg. 11 of 13

the time that each transaction reflected occurred by a person with knowledge of a business duty to record those transactions. A true and correct copy of the Loan History for the A Note as of March 8, 2017 is attached hereto as Exhibit BBB. A true and correct copy of the Loan History for the B Note as of March 8, 2017 is attached hereto as Exhibit CCC.

48. The components of the debt owed in accordance with the Loans, as reflected in the Amended Notices of Trustee's Sale and payoff statements, continue to accrue. As such, Noteholder is entitled to additional amounts representing accruing interest, attorneys' fees and other fees and other expenses to which Noteholder is entitled.

49. Attached hereto as Exhibit EEE is a conformed copy of that certain Amended Consent Order etc. authorizing the sale of the real property known as Moses Lake, 1620 S. Pioneer Way, Moses Lake, CA 98837 (the "Moses Lake Property") entered by the United States Bankruptcy Court for the Eastern District of New York in Debtors' prior bankruptcy cases on September 1, 2017. The sale of the Moses Lake Property did not close until after the United States Bankruptcy Court for the Eastern District of New York issued its oral ruling on September 28, 2017, as reflected in Exhibit DD hereto.

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed this 2nd day of January, 2018 at Overland Park, Kansas.

_David Bornheimer_
David Bornheimer

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:485085670.1