Shawn B. Rediger, WSBA #26425
Daniel A. Brown, WSBA #22028
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
Email: srediger@williamskastner.com
 dbrown@williamskastner.com
*Attorneys for Debtors*

HON. BRIAN D. LYNCH
Chapter 11
Location: Courtroom I
Hearing Date: January 24, 2018
Hearing Time: 9:00 a.m.
Response Due: January 17, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In Re:<br><br>OLYMPIA OFFICE LLC,<br><br>    Debtor. | Chapter 11<br>CASE NO. 17-44721-BDL<br><br>**CHAPTER 11 DEBTORS' MOTION SEEKING JOINT ADMINISTRATION AND SUBSTANTIVE CONSOLIDATION OF THEIR BANKRUPTCY ESTATES NUNC PRO TUNC** |
| In Re:<br><br>WA PORTFOLIO LLC,<br><br>    Debtor. | Chapter 11<br>CASE NO. 17-44722-BDL |
| In Re:<br><br>MARINERS PORTFOLIO LLC,<br><br>    Debtor. | Chapter 11<br>CASE NO. 17-44723-BDL |
| In Re:<br><br>SEAHAWK PORTFOLIO LLC,<br><br>    Debtor. | Chapter 11<br>CASE NO. 17-44724-BDL |

Debtors and Debtors-in-Possession Olympia Office LLC ("Olympia"), WA Portfolio

CHAPTER 11 DEBTORS' MOTION SEEKING JOINT
ADMINISTRATION AND SUBSTANTIVE CONSOLIDATION OF
THEIR BANKRUPTCY ESTATES NUNC PRO TUNC - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6324001.1

Case 17-44721-BDL    Doc 43    Filed 01/04/18    Ent. 01/04/18 19:18:03    Pg. 1 of 12

LLC ("WA Portfolio"), Mariners Portfolio LLC ("Mariners"), and Seahawk Portfolio LLC ("Seahawk"), by their proposed attorneys, Williams Kastner & Gibbs, PLLC ("WK"), submit this Motion Seeking Joint Administration and Substantive Consolidation of their Bankruptcy Estates ("Motion"), seeking the entry of an order (a) authorizing the joint administration of, and substantively consolidating, the Debtors' estates nunc pro tunc, and (b) granting such other, further, and different relief as this Court deems just and proper, and respectfully represent as follows:

## I. PRELIMINARY STATEMENT

Debtors' primary concern is preservation of the value of the Properties (defined below), in preparation for an orderly marketing and sale. By this Motion, the Debtors seek to substantively consolidate the Debtors' estates. Substantive consolidation in no way prejudices any creditors, but is in fact in the best interest of the estate and of judicial economy. Specifically, the Debtors each have identical debt structure and own the same assets. First, the claims against each of the Debtors' estates are identical. To the extent the Debtors incurred pre-petition debts, the creditors treated the Debtors as one entity. Second, the Debtors collectively own a 100% interest in the same assets which are the Properties (defined below).

Substantive consolidation removes the administrative and judicial burden of duplicative pleadings and other actions that would be necessary absent substantive consolidation. Thus, substantive consolidation does not prejudice creditors, is in the best interests of the estate and creditors, and fosters judicial economy. Further, and to the extent necessary, the Debtors seek the joint administration of their bankruptcy cases.

CHAPTER 11 DEBTORS' MOTION SEEKING JOINT ADMINISTRATION AND SUBSTANTIVE CONSOLIDATION OF THEIR BANKRUPTCY ESTATES NUNC PRO TUNC - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6324001.1

Case 17-44721-BDL    Doc 43    Filed 01/04/18    Ent. 01/04/18 19:18:03    Pg. 2 of 12

## II. JURISDICTION AND VENUE

The Court has jurisdiction over the cases of the Debtors pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates and authority for the relief sought herein are Section 105 of the Bankruptcy Code and related case law.

## III. FACTS[1]

### A. Pre-Petition Background.

On February 10, 2011, CDC Properties I, LLC ("CDC") filed a voluntary petition for reorganization pursuant to Chapter 11 of the U.S. Bankruptcy Code (Case No. 11-41010). Similarly, on August 15, 2014, Prium Companies, LLC ("Prium") also filed a voluntary Chapter 11 petition (Case No. 14-44512). Prium is the sole member of CDC Acquisition Company I, LLC, which is the sole member of CDC. By orders dated October 2, 2014 and February 25, 2015 in the Prium Bankruptcy case, Eric D. Orse ("Orse") was appointed as the management representative of both Prium and CDC.

On September 23, 2016, Debtor, along with the other Property Owners, purchased from CDC, acting through Orse, the following real properties: (1) 5000 Capital Boulevard Southeast, Tumwater, WA 98502; (2) 640 Woodland Square Loop Southeast, Lacey, WA 98503; (3) 637 Woodland Square Loop Southeast, Lacey, WA, 98503; (4) 629 Woodland Square Loop Southeast, Lacey, WA 98503; (5) 4565 7th Avenue Southeast, Lacey, WA 98503; (6) 645 Woodland Square Loop Southeast, Lacey, WA 98503; (7) 805 South Mission Street,

---

[1] The following facts contained in this section are fully set forth in the Declaration of Scott G. Switzer, a true and correct copy of which is attached as Ex. A to the Declaration of Daniel A. Brown ("Brown Decl.") previously filed in each bankruptcy (Olympia Office LLC, Dkt. No. 23; WA Portfolio LLC, Dkt. No. 21; Mariners Portfolio LLC, Dkt. No. 23; and Seahawk Portfolio LLC, Dkt. No. 21.) All references in this motion to Exhibits are attached to these Declarations.

CHAPTER 11 DEBTORS' MOTION SEEKING JOINT ADMINISTRATION AND SUBSTANTIVE CONSOLIDATION OF THEIR BANKRUPTCY ESTATES NUNC PRO TUNC - 3

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6324001.1

Wenatchee, WA 98801; (8) 8830 25th Avenue Southwest, Seattle, WA 98106; and (9) 1620 South Pioneer Way, Moses Lake, WA 98837, (collectively, the "Properties"). The deeds to the Properties were properly recorded.[2]

The deeds of trust to the Properties allegedly secure two promissory notes dated September 29, 2004. Both notes were originally payable to Merrill Lynch Mortgage Lending, Inc., and through a series of transactions were assigned to the Noteholder, MLMT 2005-MCPI WASHINGTON OFFICE PROPERTIES, LLC, a Washington limited liability company ("MLMT"). The first promissory note (the "A-Note") had an original principal amount of $40,700,000.00. The second promissory note (the "B-Note," together with the A-Note, the "Notes") had an original principal balance of $2,557,500.00. Midland Loan Services, a division of PNC Bank, N.A. ("Midland") serves as both the master servicer and special servicer for these loans.

**A.  Uncertainty As to Amount of Debt and Purported Default.**

After Debtor and the other Property Owners purchased the Properties, Midland refused to negotiate with them to resolve any outstanding issues or to provide any proper accounting of the outstanding debt. In an effort to achieve some clarity on what was actually owed on the debt and develop a plan to pay it, Debtor and the other Property Owners filed for bankruptcy in Eastern District of New York (Cause Nos. 16-74892 (lead case), 16-75515, 16-75516, 16-75517 ) (the "NY Bankruptcy"). Though the bankruptcies were ultimately dismissed, the NY bankruptcy proceedings highlight the fact that the amount of debt owed on the Properties and whether any default actually occurred, remain unsettled issues. In that case, following discovery, depositions,

---

[2] Attached as Ex. B to Brown Decl. is a true and correct copy of the deeds.

CHAPTER 11 DEBTORS' MOTION SEEKING JOINT ADMINISTRATION AND SUBSTANTIVE CONSOLIDATION OF THEIR BANKRUPTCY ESTATES NUNC PRO TUNC - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6324001.1

Case 17-44721-BDL    Doc 43    Filed 01/04/18    Ent. 01/04/18 19:18:03    Pg. 4 of 12

two days of evidentiary hearings and thousands of pages of submissions, the U.S. Bankruptcy Court Judge specifically found that the defendant lenders could not prove the alleged loan default:

> the loan histories of the A note and the B note, … ***do not demonstrate that the notes had been treated as being in default as early as the noteholder now asserts*** …[3] *** … ***The noteholder has consistently asserted that the B note went into default in July of 2013 causing a cross-default under the A note.*** But based on Exhibit HH, ***it is unclear how the noteholder came to that conclusion.***[4] ***…There's no indication that the accrual of default interest in Exhibit 111 from a date nearly as early as July of 2013 or even to May of 2014.*** Similarly, the B notes paid history of Exhibit 112 indicates that CDC plan payments were being made through the May 2014 principal with interest through the May 2014 payment. ***And, again, principal is decreasing after each payment was made, indicating that default interest on the B note was not charged prior to May of 2014.***[5]

Similarly, during the CDC bankruptcy, the basis of default and resulting debt were also plagued with uncertainty and unanswered questions. For instance, after investigating the purported default, Orse concluded "the default [Midland] claimed that occurred in July 2013 was a byproduct of the improper way that the Noteholder was handling the rents and [*sic*] issue."[6] Orse also determined "***there was more than sufficient funds at all times to pay both the A Note and B Note.***"[7] Indeed, motions currently pending in the CDC Bankruptcy case specifically allege the default was wrongfully manufactured by the Noteholder's servicing agent based on the fact that ample funds were held by the lender to pay the amounts due on the Notes when the claimed default occurred.

Following dismissal of the NY Bankruptcy the Noteholder reinstated non-judicial foreclosure proceedings scheduling the sale first for December 15, 2017 and then, after improperly removing the state court preliminary injunction action, rescheduled for December 29,

---

[3] Brown Decl. Ex. C (Sept. 28. NY Bankruptcy hearing), at p. 34, lines 14-17 (emphasis added).
[4] *Id.,* at p. 35, lines 13-16.
[5] *Id.*, at p. 36, lines 2-11.
[6] Brown Decl. Ex. D (Declaration of Eric Orse), at p. 4.
[7] *Id*. (emphasis added).

CHAPTER 11 DEBTORS' MOTION SEEKING JOINT ADMINISTRATION AND SUBSTANTIVE CONSOLIDATION OF THEIR BANKRUPTCY ESTATES NUNC PRO TUNC - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6324001.1

2017.  In the Notice of Trustee's sale, Noteholder claims the combined debt of the Notes is $46,613,166.93.[8]  However, a publically filed report prepared by MLMT, known as the Bondholder Report, indicates that the current amount owed on the A-Note is $28,988,549.65.[9]  Additionally, a non-public Bondholder Report that was disclosed in discovery reveals the unpaid loan balance for the B-Note is $2,519,842.99.[10]  Accordingly, the combined debt for the Notes would seem to be $31,508,392.64.   The Bondholder Reports were filed pursuant to SEC regulations and were found by the NY Bankruptcy Court to be admissible evidence of the debt.[11]  Further, the Properties are currently occupied by blue chip government tenants and only one property is vacant.  As a result, the properties generate over $350,000 per month,[12] which is more than sufficient to service the Notes, as evidenced by the fact the debt service is being paid monthly.

In addition to overstating the amount due on the Notes, Noteholder also significantly understates the value of the Properties, as addressed below, in an effort to deprive the Property Owners of the Properties' substantial equity.  Currently pending is debtors' motion to extend the automatic stay beyond 30 days to allow the parties to finally determine the amount of debt remaining on the Properties.  With that protection, Debtors can expeditiously develop a comprehensive Chapter 11 plan.

**B.**     **Substantive Consolidation of the Estates is Necessary and Appropriate.**

Economic and practical considerations weigh in favor of substantive consolidation of the Debtors' estates. The pre-petition claims against each of the Debtors are identical and

---

[8] Brown Decl. Ex. F (Notice of Trustee's Sale).
[9] Brown Decl. Ex. I (Nov. 2017 Bondholder Report), at p. 17.
[10] *Id.*, Ex. A (Switzer Decl.), at p. 8.
[11] *Id.* at p. 7.
[12] *Id.*, Ex. G (8/17 Financial Report), at p.3.

CHAPTER 11 DEBTORS' MOTION SEEKING JOINT
ADMINISTRATION AND SUBSTANTIVE CONSOLIDATION OF
THEIR BANKRUPTCY ESTATES NUNC PRO TUNC - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6324001.1

mutual. The Debtors each own a percentage interest in the Properties and collectively own a 100% interest in the Properties.

Upon approval of substantive consolidation, the caption of the consolidated estate will be modified as follows:

| UNITED STATES BANKRUPTCY COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA<br><br>In Re:<br><br>OLYMPIA OFFICE LLC;<br>WA PORTFOLIO LLC;<br>MARINERS PORTFOLIO LLC; and<br>SEAHAWK PORTFOLIO LLC,<br><br>  Debtors. | Chapter 11<br>Case No. 17-44721-BDL<br>(Substantively Consolidated) |
|---|---|

The Debtors also seek the Court's direction that a notation, substantially similar to the following notation, be entered on the dockets of the WA Portfolio, Seahawk and Mariners cases to reflect the substantive consolidation of the Debtors' estates:

> An Order was entered in this case directing the substantive consolidation and joint administration of this Chapter 11 case with a related debtor known as Olympia Office LLC, which case is pending in this Court under case number 17-44721-BDL (the "Related Case"). The Related Case should be consulted for all matters affecting this case.

Although there is no express statutory authority for substantive consolidation in the Bankruptcy Code, it is well settled that the authority for substantive consolidation lies in a Court's equitable powers under Section 105(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

*Alexander v. Compton (In re Bonham),* 223 F.3d 750 (9th Cir. 2000) discusses the

CHAPTER 11 DEBTORS' MOTION SEEKING JOINT ADMINISTRATION AND SUBSTANTIVE CONSOLIDATION OF THEIR BANKRUPTCY ESTATES NUNC PRO TUNC - 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6324001.1

Case 17-44721-BDL    Doc 43    Filed 01/04/18    Ent. 01/04/18 19:18:03    Pg. 7 of 12

standard for substantive consolidation in the Ninth Circuit. That case involved consolidation of the chapter 7 estate of an individual debtor with the two wholly-owned non-debtor corporations which she had used to carry out a long-running Ponzi scheme, but the standard is not limited to that fact situation. The *Bonham* court adopted a test from the Second Circuit:

> The Second Circuit has applied an independent test which requires the consideration of two factors: "(1) whether creditors dealt with the entities as a single economic unit and did not rely on their separate identify in extending credit; or (2) whether the affairs of the debtor are so entangled that consolidation will benefit all creditors." *In re Reider*, 31 F.3d at 1109 (*citing In re Augie Restivo,* 860 F.2d at 518); *see also Colonial Realty,* 966 F.2d at 61. The presence of either factor is a sufficient basis to order substantive consolidation.

Here, the Debtors' estates satisfy the criteria for substantive consolidation. All creditors are mutual, will have identical claims in all cases and will be paid the same amounts under the plan whether the cases are consolidated or not. Since the creditors of the estates are identical and the debts are all mutual, substantive consolidation of the estates does not prejudice any party. On the contrary, it promotes the efficient and economical administration of these cases. Indeed, creditors dealt with the Debtor entities as one conglomerated entity. Therefore, by virtue of substantive consolidation, no prejudice is suffered by any creditor. Further, substantive consolidation will minimize the costs administration by obviating the need for duplicative pleadings and actions. Therefore, substantive consolidation of these cases ensures efficient administration, the equitable treatment of all creditors, and is in the best interest of all creditors.

Where a bankruptcy court concludes that substantive consolidation is appropriate, such consolidation "usually results not only in the pooling of assets and liabilities of two or more

CHAPTER 11 DEBTORS' MOTION SEEKING JOINT ADMINISTRATION AND SUBSTANTIVE CONSOLIDATION OF THEIR BANKRUPTCY ESTATES NUNC PRO TUNC - 8

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6324001.1

Case 17-44721-BDL    Doc 43    Filed 01/04/18    Ent. 01/04/18 19:18:03    Pg. 8 of 12

entities, but also in 'satisfying liabilities from the resultant common fund; [and] eliminating inter-[entity] claims[.]" *Bonham*, 229 F.3d at 764 *citing Federal Deposit Insurance Corp. v. Colonial Realty Co.*, 966 F.2d 57, 58-59. "The sole purpose of substantive consolidation is to ensure the equitable treatment of all creditors." *Bonham*, 229 F.3d at 764. Given the interlinked relationship between the Debtors, substantive consolidating the Debtors' cases will provide significant administrative convenience without harming the substantive rights of any party-in-interest. The motions, hearings and Orders that will arise in each of the Debtors' cases affect all the Debtors. In addition, the creditors of the Debtors are the same.

Based upon the foregoing, substantive consolidation is a viable means with which to garner maximum value for all of the creditors in an efficient and cost effective manner. Therefore, the above factors weigh heavily in favor of substantively consolidating the Debtors' cases and estates.

Thus, the Debtors submit that substantive consolidation of the Debtors' estates is in the best interests of the creditors and estates, and will achieve better treatment for creditors participating in a consolidated recovery as opposed to any other scenario.

Accordingly, the Debtors respectfully request that this Court grant the relief sought by this Motion and substantively consolidate the Debtors' estates and cases.

### IV. **JOINT ADMINISTRATION**

To the extent necessary, the Debtors also seek the joint administration of their bankruptcy estates under the caption reflected in paragraph 21 herein.

Pursuant to Bankruptcy Rule 1015(b)(4), "[if] two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration

CHAPTER 11 DEBTORS' MOTION SEEKING JOINT
ADMINISTRATION AND SUBSTANTIVE CONSOLIDATION OF
THEIR BANKRUPTCY ESTATES NUNC PRO TUNC - 9

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6324001.1

Case 17-44721-BDL    Doc 43    Filed 01/04/18    Ent. 01/04/18 19:18:03    Pg. 9 of 12

of the estates." Local Bankruptcy Rule 1073-1 provides a motion for joint administration of cases shall be filed in accordance with Local Bankruptcy Rule 9013-1.

Further, Bankruptcy Rule 1015(c) provides, "when an order for consolidation or joint administration of a joint case or two or more cases is entered pursuant to this rule, while protecting the rights of the parties under the Code, the Court may enter Orders as may tend to avoid unnecessary costs and delay."

Here, the Debtors are "affiliates" as that term is defined under Section 101(2)(D) of the Bankruptcy Code. The Debtors have a common ownership structure, maintain an ownership interest in virtually the same assets and have common creditors. As such, the relief requested herein is warranted and the Motion should be approved.

Prior to entering an order of joint administration, the court shall give consideration to protecting the creditors of the different estates against potential conflicts of interest. Fed. R. Bankr. Pro. 101(b). Moreover, when an order for joint administration is entered, the Court may enter orders as may tend to avoid unnecessary costs and delay. Fed. R. Bankr. Pro. 1015(c).

Based upon the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of the Debtors' estates and their creditors and should be granted in all respects.

### V. NOTICE

Notice of this Motion is being provided to: (a) the Office of the United States Trustee; (b) all known creditors of the Debtors; and (c) all parties who have filed a notice of appearance in these cases. In light of the nature of the relief requested herein, the Debtors submit that no

CHAPTER 11 DEBTORS' MOTION SEEKING JOINT ADMINISTRATION AND SUBSTANTIVE CONSOLIDATION OF THEIR BANKRUPTCY ESTATES NUNC PRO TUNC - 10

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6324001.1

1. other or further notice need be provided.

   No prior application for the relief sought herein has been made to this or any other court.

   WHEREFORE, for the reasons stated above, the Debtors respectfully request that this Court grant the relief requested herein by entering an Order authorizing the joint administration of, and substantively consolidating, the Debtors' estates nunc pro tunc, and granting such other, further, and different relief as this Court deems just and proper.

   DATED this 4th day of January, 2018.

   /s/Shawn B. Rediger, WSBA #26425
   Shawn B. Rediger, WSBA #26425
   Daniel A. Brown, WSBA #22028
   WILLIAMS, KASTNER & GIBBS PLLC
   601 Union Street, Suite 4100
   Seattle, WA 98101-2380
   Telephone: (206) 628-6600
   Fax: (206) 628-6611
   Email: srediger@williamskastner.com
   dbrown@williamskastner.com
   *Attorneys for Debtors Olympia Office LLC; WA Portfolio LLC; Mariners Portfolio LLC; and Seahawk Portfolio LLC*

CHAPTER 11 DEBTORS' MOTION SEEKING JOINT ADMINISTRATION AND SUBSTANTIVE CONSOLIDATION OF THEIR BANKRUPTCY ESTATES NUNC PRO TUNC - 11

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6324001.1

Case 17-44721-BDL    Doc 43    Filed 01/04/18    Ent. 01/04/18 19:18:03    Pg. 11 of 12

**PROOF OF SERVICE**

The undersigned hereby certifies that on January 4, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants.

DATED this 4th day of January, 2018.

/s/ Shawn B. Rediger, WSBA #26425
Shawn B. Rediger, WSBA #26425
Daniel A. Brown, WSBA #22028
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
Email: srediger@williamskastner.com
dbrown@williamskastner.com
***Attorneys for Debtors Olympia Office LLC;
WA Portfolio LLC; Mariners Portfolio LLC;
and Seahawk Portfolio LLC***

CHAPTER 11 DEBTORS' MOTION SEEKING JOINT ADMINISTRATION AND SUBSTANTIVE CONSOLIDATION OF THEIR BANKRUPTCY ESTATES NUNC PRO TUNC - 12

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6324001.1

Case 17-44721-BDL    Doc 43    Filed 01/04/18    Ent. 01/04/18 19:18:03    Pg. 12 of 12