HONORABLE BRIAN D. LYNCH
Chapter 11
Hearing Date: January 18, 2018
Hearing Time: 9:30 a.m.
Courtroom: Tacoma, Room I
Resp. Date: January 11, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re:

OLYMPIA OFFICE, LLC;
WA PORTFOLIO, LLC;
MARINERS PORTFOLIO, LLC; and
SEAHAWK PORTFOLIO, LLC,

Debtors.

Case No. 17-44721-BDL-Lead Case
(Jointly Administered)[1]

**MLMT2005-MCP1 WASHINGTON OFFICE PROPERTIES, LLC'S EVIDENTIARY OBJECTIONS TO DECLARATIONS OF DANIEL A. BROWN AND SCOTT G. SWITZER**

---

[1] In Re Olympia Office LLC is Case No. 17-44721-BDL; In re WA Portfolio LLC is Case No. 17-44722-BDL; In Re Mariners Portfolio LLC is Case No. 17-44723-BDL; In Re Seahawk Portfolio is Case No. 17-44724-BDL.
**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:485189749.1

Secured Creditor MLMT 2005-MCP1 Washington Office Properties, LLC ("Noteholder") files these evidentiary objections to the Declaration of Daniel A. Brown ("Brown Declaration) [Dkt. No. 60] and Scott G. Switzer ("Switzer Declaration") [Dkt. No. 59] submitted by debtors Olympia Office LLC, WA Portfolio LLC, Mariners Portfolio LLC, and Seahawk Portfolio LLC (collectively, "Debtors") in support of their opposition to Noteholder's Motion Under Bankruptcy Code Sections 105, 362(d)(1), 362(d)(2), 362(d)(4) and 1112(b) for Relief From the Automatic Stay or in the Alternative for Dismissal of Bankruptcy Cases (the "Motion").

Noteholder asserts the following objections to the testimony contained in, and the exhibits to, the Brown Declaration:

| ¶ | Testimony/Exhibits | Objections |
|---|---|---|
| 3 | Exhibit B. | Irrelevant (Federal Rule of Evidence ("FRE") 402). |
| 4 | Exhibit C. | Irrelevant (FRE 402). |
| 5 | Exhibits D, E, F, G. | Irrelevant (FRE 402); Lack of personal knowledge (FRE 602); Inadmissible hearsay (FRE 802); Lack of authentication (FRE 901). |
| Second 3 | Exhibit H. | Irrelevant (FRE 402); Lack of personal knowledge (FRE 602); Inadmissible hearsay (FRE 802); Lack of authentication (FRE 901). |
| Second 4 | Exhibit I. | Irrelevant (FRE 402). |
| 6 | Exhibit K. | Irrelevant (FRE 402). |

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Noteholder asserts the following objections to the testimony contained in, and the exhibits to, the Switzer Declaration:

| ¶ | Testimony/Exhibits | Objections |
|---|---|---|
| 18 | "In the Purchase Agreement, Orse represented and warranted that he had the power and authority to execute and deliver the Purchase Agreement and to consummate the transactions contemplated therein. Orse further represented that he had the full and unfettered right, power and authority to execute and deliver the Purchase Agreement to bind CDC. A true and correct copy of the" | Lack of the writing (FRE 1001, 1002, 1003). |
| 20 | "Thereafter, Plaintiffs reached out to Midland in an effort to negotiate a modification, refinance or other resolution that the Noteholder would agree to. Such overtures were denied." | Irrelevant (FRE 402); Lack of personal knowledge (FRE 602); Inadmissible hearsay (FRE 802). |

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:485189749.1

| ¶ | Testimony/Exhibits | Objections |
|---|---|---|
| 27 | "Prior to engaging in this transaction and throughout Debtors' bankruptcy cases, I have reviewed the monthly publicly filed bondholder reports generated in connection with Note A. The Bondholder Report is a critical document filed pursuant to SEC regulations that reflects the amount owed to the secured creditor in these cases and the recipients of the cash flow form the monthly payments. The bondholders are the true holders of the secured debt in these cases. … However, any secured debt in connection with the Properties can only be quantified in terms of what the bondholders are owed. A review of the Bondholder Report shows that the bondholders are owed significantly less than what has been reported in the claims filed by Noteholder in its proofs of claim."<br><br>Exhibit 2. | Irrelevant (FRE 402); Lack of personal knowledge (FRE 602); Improper opinion testimony from a lay witness (FRE 701); Inadmissible hearsay (FRE 802); Lack of authentication (FRE 901). |
| 27 | "Notably, when presented with arguments to the contrary by the Noteholder, the Bankruptcy Court in NY agreed that the Bondholder Report is evidence of the actual debt." | Mischaracterization of Exhibit 3. The NY Court indicated that the bondholder report refers to the debt "in whole or part". |

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:485189749.1

| ¶ | Testimony/Exhibits | Objections |
|---|---|---|
| 28 | "As an example, in January 2017, Merrill Lynch Mortgage Trust 2005-MCP1 prepared a bond pool report identified as Distribution Statement to its investors with respect to the pool that owns Note A. On page 20 of the Bondholder Report its reflects that the Noteholders is owed $30,556,353.60 on account of Note A. The Bondholder Report does not reference any of the amounts claimed to be owed to the Noteholder except for principal and servicer fees. The Bondholder Report actually indicates that interest and principal have actually been paid through June, 2016."<br><br>Exhibit 4. | Irrelevant (FRE 402); Lack of personal knowledge (FRE 602); Improper opinion testimony from a lay witness (FRE 701); Inadmissible hearsay (FRE 802); Lack of authentication (FRE 901). |
| 28 | "When I reviewed the Bondholder Reports, I reasonably believed in the veracity of the information contained therein as these were publicly filed documents, and my understanding is, provided in accordance with SEC guidelines. | Irrelevant (FRE 402); Speculative (FRE 602); Improper opinion from a lay witness (FRE 701). |
| 29 | "The most recent Bondholder Report I have reviewed, apparently prepared in November 2017 and attached as Exhibit 2, reflects the most current amount owing on the A Note of $28,988,549.65 on p. 17. The debt service payment on that report is $229,814.95. Similarly, the not publically [sic] available Bondholder Report disclosed in discovery reveals that the unpaid loan balance for the B-Note is $2,519,842.99 not the $4,602,959.73 and reveals the same interest rate as the original note. Therefore, the debt service payment is $27,792.18. Total monthly payments on both Notes are $257,607.13."<br><br>Exhibit 2. | Irrelevant (FRE 402); Speculative (FRE 602); Lack of personal knowledge (FRE 602); Improper opinion from a lay witness (FRE 701); Inadmissible hearsay (FRE 802); Lack of authentication (FRE 901); Lack of writing as to B-Note Bondholder Report (FRE 1001, 1002, 1003). |

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

| ¶ | Testimony/Exhibits | Objections |
|---|---|---|
| 30 | "Since the Noteholder had no interest in working through a resolution" | Irrelevant (FRE 402); Lack of foundation (FRE 602, 701, 901). |
| 32 | "Though the bankruptcy court dismissed the filing on technical grounds" | Lack of personal knowledge (FRE 602); Improper testimony from a lay witness (FRE 701); mischaracterization of Dismissal Ruling. |
| 32 | "The court found that Defendants evidence neither established the amount of the debt they claimed was owed, nor the date of default the Defendants claim." | Irrelevant (FRE 402); Lack of personal knowledge (FRE 602); Improper testimony from a lay witness (FRE 701); mischaracterization of Dismissal Ruling. |
| 33 | "Eventually, it specifically found that "to make a specific determination of the date or dates upon which the A note and B note went into default and then calculate the precise amount owing to the noteholder as the petition date, is one not an available exercise based upon the record created." | Irrelevant (FRE 402); mischaracterization of Dismissal Ruling – Switzer left out "but, more importantly, not necessary for the ultimate conclusions that I've reached that these cases will be dismissed." |
| 33 | "The Court went on to make specific findings about the failures of Noteholder to prove the amount due, and specific contradictions between the evidence cited and the Noteholder's positions." | Irrelevant (FRE 402); Legal conclusion and improper opinion testimony from lay witness (FRE 701); mischaracterization of Dismissal Ruling. |
| 33 | Exhibit 5. | Irrelevant (FRE 402). |
| 34 | "Essentially, the Noteholders in the NY Bankruptcy Case failed to prove the debt, yet they are seeking to foreclose again here on the same overstated debt and strip the Debtors of the Property at issue." | Legal conclusion and improper testimony from lay witness (FRE 701); Argumentative (FRE 601, 602, 701). |

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:485189749.1

| ¶ | Testimony/Exhibits | Objections |
|---|---|---|
| 35 | "In fact, a third party filed a motion with supporting declarations and evidence that demonstrates the Noteholder and Midland did not properly account for the debt and improperly manufactured its default. That motion is set for hearing on January 11, 2017. The filing demonstrates that at the time of the purported default there were ample funds available to pay the debt service, but instead the Noteholder and Midland declared a default." | Irrelevant (FRE 402); Legal conclusion and improper testimony from lay witness (FRE 701); Argumentative (FRE 601, 602, 701). |
| 36 | "We firmly believe substantial equity exists in the property and were preparing for every eventuality in order to prevent the loss of the property to an unproved debt and default." | Irrelevant (FRE 402); Improper opinion testimony from lay witness (FRE 701). |
| 37 | "The Bankruptcy Code provides the only opportunity to both litigate the issue of the debt claimed by Noteholder, but also satisfy that debt through piecemeal sales of the Properties pursuant to an approved plan that we will propose." | Improper opinion testimony from lay witness (FRE 701); Legal conclusion (701). |

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:485189749.1

| ¶ | Testimony/Exhibits | Objections |
|---|---|---|
| 38 | "The principal and interest payments are being paid on a current monthly basis and continue to be paid. So no further security should be required. . . . The most recent report available following the current bankruptcy filing which reflect $394,527 in deposits in November 2017, bringing the total in the bank account to $1,484,407.13. … If this continues through January, the total cash available will exceed $2 million." This does not consider the approximately $500,000 payment made to Midland in September/October 2017 without approval or notification to the Debtors. … Therefore, the revenue generated by the Properties is more than sufficient to pay the principle [sic] and interest." | Irrelevant (FRE 402); Lack of personal knowledge (FRE 602); Inadmissible hearsay (FRE 802). This testimony appears to be left over from the state court action, in which Debtors were arguing that they should not be required to make monthly debt service payments while the foreclosure sale was stayed. The Receiver has testified that the funds he is holding are necessary for tenant improvements and repairs. |
| 40 | "We retained Kidder Mathews and as noted by the appraiser who is filing a concurrent declaration, the Properties have significant equity above and beyond the Noteholder's lien." | Irrelevant (FRE 402): Lack of personal knowledge (FRE 602); Improper opinion testimony from lay witness (FRE 701); Legal conclusion (FRE 701); Inadmissible hearsay (FRE 802); Lack of authentication (FRE 901). |
| 40 | "The most recent information indicates the properties will be marketed for an aggregate value of approximately $46 million. Furthermore, even Midland's own document lists an "as stabilized value of $39.5 million – well in excess of the actual amount owed on the debt." | Irrelevant (FRE 402); Lack of personal knowledge (FRE 602); Inadmissible hearsay (FRE 802); Lack of authentication (FRE 901). |
| 40 | Exhibit 9. | Irrelevant (FRE 402); Lack of personal knowledge (FRE 602); Inadmissible hearsay (FRE 802); Lack of authentication (FRE 901). |
| 41 | "The property values have continued to increase." | Lack of personal knowledge (FRE 602); Improper opinion testimony from lay witness (FRE 701). |

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

| ¶ | Testimony/Exhibits | Objections |
|---|---|---|
| 42 | "If Noteholder obtains relief from stay and proceeds with foreclosure it will succeed in stripping nearly $9 million in equity from the Debtors through their specious declaration of a default despite being in control of hundreds of thousands of dollars available to them which could have been applied to continue to satisfy the debt payments." | Lack of personal knowledge (FRE 602); Improper opinion testimony from lay witness (FRE 701); Argumentative (601, 602, 701). |

DATED this 15th day of January, 2018.

LANE POWELL PC

By /s/ *Charles R. Ekberg*
    Charles R. Ekberg, WSBA No. 00342
    James Zack
        Alan Fed, Cal. Bar No. 155345*
        Theodore Cohen, Cal Bar No 155427**
        afeld@sheppardmullin.com
        tcohen@sheppardmullin.com
    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    333 South Hope Street, 43rd Floor
        Los Angeles, CA 90071
    Telephone: 213-620-1780
    Facsimile: 213-620-1398

        *Admitted Pro Hac Vice
        **Pro Hac Vice Pending
Attorneys for MLMT 2005-MCP1 Washington Office Properties

-8-

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:485189749.1

Case 17-44721-BDL    Doc 73    Filed 01/15/18    Ent. 01/15/18 17:40:35    Pg. 9 of 10

## CERTIFICATE OF SERVICE

I certify that on the date indicated below, I caused the foregoing document to be presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the ECF recipients of record.

I affirm under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

SIGNED January 15, 2018, at Los Angeles, California.

/s/ *Shadi Mahmoudi*
Shadi Mahmoudi, Esq.

-9-

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:485189749.1

Case 17-44721-BDL    Doc 73    Filed 01/15/18    Ent. 01/15/18 17:40:35    Pg. 10 of 10