Charles E. Shigley, WSBA #26389
Alston, Courtnage & Bassetti LLP
1420 Fifth Avenue, Suite 3650
Seattle, WA 98101-4011
Phone: 206-623-7600
Fax: 206-623-1752
*Attorneys for Custodial Receiver JSH Properties, Inc.*

The Hon. Brian D. Lynch
Chapter 11
Location: Courtroom 1
Hearing Date: January 24, 2018
Time: 9:00 a.m.
Response Due: January 17, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Olympia Office, LLC, a New York limited liability company,<br><br>Debtor | No. 17-44721-BDL<br><br>RECEIVER'S RESPONSE TO DEBTOR'S MOTION TO TERMINATE ENGAGEMENT OF JSH PROPERTIES, INC. |

The Debtors seek to terminate the receivership engagement of JSH Properties, Inc. ("**JSH**") and JSH's management of the portfolio of office properties held by the Debtors (the "**Properties**"). Ultimately, JSH serves at the pleasure of the parties and this Court and does not take a position on the substantive relief requested by the Debtors. The Debtors' motion, however, contains a variety of erroneous factual assertions which the JSH is obliged to correct for the record.

**BACKGROUND**

1. In May, 2016, JSH was appointed custodial receiver for the various Washington real properties owned by the Debtors' predecessor, CDC Properties I, LLC,

RECEIVER'S RESPONSE TO DEBTOR'S MOTION TO TERMINATE ENGAGEMENT OF JSH PROPERTIES, INC. – 1

ALSTON, COURTNAGE & BASSETTI LLP
1420 Fifth Avenue, Suite 3650
Seattle, Washington 98101-4011
Tel (206) 623-7600
Fax (206) 623-1752

Case 17-44721-BDL    Doc 81    Filed 01/16/18    Ent. 01/16/18 18:17:52    Pg. 1 of 5

before they were acquired by the Debtors in late September, 2016. At the time of JSH's appointment, the CDC portfolio suffered from high vacancy rates and significant deferred maintenance issues.

2. Since its appointment, JSH has worked diligently to stabilize the properties by renewing several key leases with various Washington State agencies. JSH is in negotiations with the State to renew several more. JSH also engaged contractors to perform deferred maintenance work.

3. JSH has also worked diligently to allay the concerns of tenants that have been unhappy with the poor maintenance practices of the Debtors' predecessor, CDC Properties, and concerned about the transfer of ownership to the Debtors, the NY Bankruptcy and now this case.

4. Initially in the NY Bankruptcy, JSH continued to serve as custodial receiver for the Properties pursuant to stipulation by Debtors and Midland. Later in the NY Bankruptcy, the Debtors sought to terminate JSH based on the same arguments offered again here. Ultimately, the parties resolved the Debtors' motion to remove JSH by again stipulating to JSH continuing to serve as receiver under State Court Receiver Order, but without the $5,400 monthly Receiver Fee.

**RESPONSE**

RECEIVER'S RESPONSE TO DEBTOR'S MOTION TO TERMINATE ENGAGEMENT OF JSH PROPERTIES, INC. – 2

ALSTON, COURTNAGE & BASSETTI LLP
1420 Fifth Avenue, Suite 3650
Seattle, Washington 98101-4011
Tel (206) 623-7600
Fax (206) 623-1752

1. <u>Breach of Fiduciary Duty</u>. The Debtors argue that JSH has breached its fiduciary duties and should be terminated and replaced with a property manager selected by the Debtors. The Debtors further argue that replacing JSH is necessary to preserve the value of the Properties in preparation for an orderly marketing and sale. The Debtors made similar arguments in the NY Bankruptcy, alleging that JSH was guilty of waste and mismanagement. What the Debtors characterize as waste and mismanagement, JSH would characterize as prudent property management consistent with JSH's obligations under the State Court Receiver Order. Stabilizing the properties requires leasing vacant space and extending the leases of existing tenants which are set to expire in the near term. In the NY Bankruptcy, the Debtors preferred to sell the Properties as is and let the buyers deal with the expense of dealing with the tenants. In JSH's judgment, that is not likely to preserve or enhance the value of the Properties. In JSH's professional judgment, selling Properties with vacancy and short term leasing risk is likely to result in a lower sales price.

2. <u>Purchase Offers</u>. In cases like these, receivers often receive unsolicited inquiries and low ball offers from potential buyers. In JSH's judgment, buyers interested in "distressed" properties are typically trying to acquire assets at a substantial discount from their fair market value. More to the point, JSH has never had the authority under the State Court Receiver Order, in the NY Bankruptcy or in this case to market or sell any of the Properties.

RECEIVER'S RESPONSE TO DEBTOR'S MOTION TO TERMINATE ENGAGEMENT OF JSH PROPERTIES, INC. – 3

ALSTON, COURTNAGE & BASSETTI LLP
1420 Fifth Avenue, Suite 3650
Seattle, Washington 98101-4011
Tel (206) 623-7600
Fax (206) 623-1752

3. <u>"Give Away" Lease Renewals</u>.  The Debtors object to a lease that JSH negotiated prior to the commencement of the NY Bankruptcy.  During the NY Bankruptcy and since the Petition Date, JSH has not entered into any lease agreements or amendments without the express approval of the Debtors and Midland.  As noted above, the Debtors have a markedly different view of prudent property management than that of JSH.  To the extent that the Debtors disapprove of a prospective lease agreement or renewal, JSH has not and will not execute any such agreement without an order from this Court.

4. <u>Projections</u>.  Forecasting expenses can be challenging, particularly with a portfolio with a number of vacancies, construction in process and leases that are set to expire in the near term.  The Debtors complain that JSH overestimated the cash needs for the portfolio during the NY Bankruptcy.  As JSH explained to the Debtor and Midland on numerous occasions, weather delays, failure of tenants to request payment of tenant improvement allowances and slow billing by contractors spread out the construction costs over a longer period than expected.  As a result, JSH was able to fund construction expenses out of cash flow.  Although the extended timeline for payment eliminated the cash crunch, it was unanticipated.  At the time, in JSH's judgment, the best course of action was to make sure that there was adequate cash available to fund costs on the shorter anticipated timeline and leave adequate reserves for unexpected expenses.  Again, what the Debtors characterize as waste and mismanagement is simply prudent property management.

RECEIVER'S RESPONSE TO DEBTOR'S MOTION TO TERMINATE ENGAGEMENT OF JSH PROPERTIES, INC. – 4

ALSTON, COURTNAGE & BASSETTI LLP
1420 Fifth Avenue, Suite 3650
Seattle, Washington 98101-4011
Tel (206) 623-7600
Fax (206) 623-1752

Case 17-44721-BDL    Doc 81    Filed 01/16/18    Ent. 01/16/18 18:17:52    Pg. 4 of 5

## STATUS OF PROPERTIES

As detailed in the Declaration of Edward Velton, as of December 31, 2017, JSH held $1,741,111.84 in cash. JSH has negotiated leases and lease renewals at four of the Properties. In two cases, the tenants have executed the lease documents. In the other two, lease negotiations are ongoing. JSH has not executed any lease documents and will not absent authorization from this Court. Executing all four lease transactions will require approximately $4,355,000 from the owner for construction and tenant allowances and for leasing commissions and construction management fees as set forth in the State Court Receiver Order. As mentioned above, whether or not the work can be funded from cash flow depends on the timing of the work, contractor billing, and when the tenants demand payment of their tenant allowances. In JSH's judgment, executing all four lease transaction will very likely consume all available cash and require an injection of additional funds.

DATED this January 16, 2018.

ALSTON, COURTNAGE & BASSETTI LLP

/s/ Charles E. Shigley
Charles E. Shigley, WSBA No. 26389
Attorneys Custodial Receiver,
JSH Properties, Inc.

RECEIVER'S RESPONSE TO DEBTOR'S MOTION TO TERMINATE ENGAGEMENT OF JSH PROPERTIES, INC. – 5

ALSTON, COURTNAGE & BASSETTI LLP
1420 Fifth Avenue, Suite 3650
Seattle, Washington 98101-4011
Tel (206) 623-7600
Fax (206) 623-1752

Case 17-44721-BDL    Doc 81    Filed 01/16/18    Ent. 01/16/18 18:17:52    Pg. 5 of 5