| | |
|---|---|
| Charles E. Shigley, WSBA #26389<br>Alston, Courtnage & Bassetti LLP<br>1420 Fifth Avenue, Suite 3650<br>Seattle, WA 98101-4011<br>Phone: 206-623-7600<br>*Attorneys for Custodial Receiver JSH Properties, Inc.* | The Hon. Brian D. Lynch<br>Chapter 11<br>Location: Courtroom 1<br>Hearing Date: April 11, 2018<br>Time: 9:00 a.m.<br>Response Due: April 4, 2018 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Olympia Office, LLC, a New York limited liability company,<br><br>    Debtor | No. 17-44721-BDL<br><br>RECEIVER'S MOTION TO APPROVE LEASES AND AUTHORIZE USE OF CASH COLLATERAL |

  1. Custodial Receiver, JSH Properties, Inc. ("**Receiver**") seeks entry of an order under 11 U.S.C. §§ 363(b)(1) and 363(c)(2) and Rules 4001 and 6004 of the Federal Rules of Bankruptcy Procedure (a) authorizing the Receiver to enter into lease transactions with respect to three buildings which are part of the of the portfolio of office properties held by the Debtors (collectively, the "**Properties**"); and (b) authorizing the Receiver to use cash collateral to pay expenses related to the lease transactions including the leasing commissions and construction management fees payable to the Receiver under the State Court Receivership Order.

RECEIVER'S MOTION TO APPROVE LEASES AND
AUTHORIZE USE OF CASH COLLATERAL – 1

ALSTON, COURTNAGE & BASSETTI LLP
1420 Fifth Avenue, Suite 3650
Seattle, Washington 98101-4011
Tel (206) 623-7600
Fax (206) 623-1752

# BACKGROUND

2. On May 19, 2016, the King County Superior Court entered an order in Case No. 16-2-10797-4-KNT appointing the Receiver as custodial receiver for the Properties which at that time were owned by owned by the Debtors' predecessor, CDC Properties I, LLC (the "**State Court Receiver Order**"). The Debtors subsequently acquired the CDC portfolio of properties in late September, 2016. Section 3.4.4 of the State Court Receiver Order, provides for payment to the Receiver of a commission for lease renewals in the amount of 2.5% of the rent payable for years 1 through 5 and 1.25% of the rent payable for years 6 through 10 and a construction management fee equal to 5% of the total project costs for any work performed.

3. At the time of the Receiver's appointment, the CDC portfolio suffered from high vacancy rates and significant deferred maintenance issues. Since its appointment and prior to the commencement of this case, the Receiver has worked diligently to stabilize the properties by renewing several key leases with various Washington State agencies. The Receiver has also worked to allay the concerns of tenants that have been unhappy with the poor maintenance practices of prior owner, and concerns about the transfer of ownership to the Debtors, the Debtors' prior New York bankruptcy case and now this case.

4. The Receiver has concluded negotiations to renew the leases of three different State of Washington Agencies for three of the Properties as summarized below:

RECEIVER'S MOTION TO APPROVE LEASES AND
AUTHORIZE USE OF CASH COLLATERAL – 2

ALSTON, COURTNAGE & BASSETTI LLP
1420 Fifth Avenue, Suite 3650
Seattle, Washington 98101-4011
Tel (206) 623-7600
Fax (206) 623-1752

a. 805 South Mission Street, Wenatchee, Washington. The Department of Social and Health Services ("**DSHS**") has agreed to a new 10-year lease for the building located at 805 South Mission Street, Wenatchee, Washington. The term of the current DSHS lease expired November 30, 2018. The proposed lease terms are summarized in the Declaration of Edward Velton. The total estimated out of pocket costs for the proposed lease are $1,317,414 which includes the cost of addressing extensive deferred maintenance allowed by the prior owner and payment of the Receiver's leasing commission and construction management fee.

b. 640 Woodland Square Loop, Lacey, Washington. The State of Washington Employment Security Department ("**ESD**") has agreed to amend its existing lease to expand its premises and occupy the remaining vacant spaces in the building located at 640 Woodland Square Loop, Lacey, Washington, bringing it to 100% occupancy. The proposed terms of the lease amendment are summarized in the Declaration of Edward Velton. The total estimated out of pocket costs for the proposed lease amendment are $339,047 which includes the cost of building out the vacant space per ESD's requirements and payment of the Receiver's leasing commission and construction management fee.

c. 645 Woodland Square Loop, Lacey, Washington. The State of Washington Department of Licensing ("**DOL**") currently leases the entire building located at 645 Woodland Square Loop, Lacey, Washington, and has agreed to extend the term of its existing lease for approximately 30 months. The proposed lease terms are summarized in

RECEIVER'S MOTION TO APPROVE LEASES AND
AUTHORIZE USE OF CASH COLLATERAL – 3

ALSTON, COURTNAGE & BASSETTI LLP
1420 Fifth Avenue, Suite 3650
Seattle, Washington 98101-4011
Tel (206) 623-7600
Fax (206) 623-1752

Case 17-44721-BDL    Doc 118    Filed 03/16/18    Ent. 03/16/18 15:36:17    Pg. 3 of 6

the Declaration of Edward Velton. The total estimated out of pocket costs for the proposed lease are $160,792 which includes the cost of performing interior and exterior repairs required by DOL and payment of the Receiver's leasing commission and construction management fee.

5. As further detailed in the Declaration of Edward Velton, as of February 28, 2018, the Receiver held $2,272,564.13 in cash all of which is the cash collateral of the Noteholder. The office portfolio continues to generate positive cash flow after payment of operating expenses (excluding debt service).

## AUTHORITY

6. <u>This Court Should Authorize the Proposed Lease Transactions under Bankruptcy Code Section 363(b)(1)</u>. Bankruptcy Code Section 363(b)(1) permits the leasing of property of the estate outside of the ordinary course of business after notice and hearing. Additionally, Section 3.4.4 of the State Court Receiver Order authorizes the Receiver to negotiate and execute leases with existing tenants subject to the Noteholder's prior written consent. The Noteholder has advised the Receiver that it approves each of the proposed lease transactions. As of the date of this Motion, the Debtors have not advised whether they approve of the proposed lease transactions.

7. Consummating the proposed lease transactions is in the best interest of the estate. In the Receiver's professional judgment, vacancies and/or short term leasing risk

RECEIVER'S MOTION TO APPROVE LEASES AND AUTHORIZE USE OF CASH COLLATERAL – 4

ALSTON, COURTNAGE & BASSETTI LLP
1420 Fifth Avenue, Suite 3650
Seattle, Washington 98101-4011
Tel (206) 623-7600
Fax (206) 623-1752

reduces the market value of commercial properties.  In this case, the Receiver believes that extending the terms of the subject leases and bringing each of the three buildings to 100% occupancy will preserve and enhance the value of these buildings and the portfolio as a whole.

8. <u>This Court Should Authorize the Receiver to Use Cash Collateral Under Bankruptcy Code Section 363(c)(2)</u>.  Bankruptcy Code Section 363(c)(2) permits the use of cash collateral after notice and hearing or with the consent of all parties with an interest in such cash collateral.  The Noteholder has advised the Receiver that it consents to the Receiver's use of cash collateral to pay expenses related to the proposed lease transactions.  As of the date of this Motion, the Debtors have not advised the Receiver whether they approve of the proposed use of cash collateral.

9. In this case, performing the lessor's obligations under the proposed lease transactions requires significant cash expenditures for construction as well as payment of commissions and construction management fees.  Currently, there is no other funding source for these expenses other than cash collateral.  Whether or not all lease expenses can be funded from cash flow will depend on the timing of the work, contractor billing, and when the tenants demand payment of their tenant allowances.  In the Receiver's judgment, executing all three lease transaction will very likely consume the bulk of available cash.  To the extent that the cash collateral is exhausted, the Receiver will look to either the Debtor or the Noteholder to fund any shortfall.

RECEIVER'S MOTION TO APPROVE LEASES AND
AUTHORIZE USE OF CASH COLLATERAL – 5

ALSTON, COURTNAGE & BASSETTI LLP
1420 Fifth Avenue, Suite 3650
Seattle, Washington 98101-4011
Tel (206) 623-7600
Fax (206) 623-1752

## CONCLUSION

10. WHEREFORE, the Receiver respectfully requests that the Court grant this Motion, enter an order substantially in the form attached hereto as <u>Exhibit A</u>, and grant such other relief as is just and proper under the circumstances of this case.

DATED March 16, 2018.

                                       ALSTON, COURTNAGE & BASSETTI LLP

                                       /s/ Charles E. Shigley
                                       Charles E. Shigley, WSBA No. 26389
                                       Attorneys Custodial Receiver,
                                       JSH Properties, Inc.

RECEIVER'S MOTION TO APPROVE LEASES AND AUTHORIZE USE OF CASH COLLATERAL – 6

ALSTON, COURTNAGE & BASSETTI LLP
1420 Fifth Avenue, Suite 3650
Seattle, Washington 98101-4011
Tel (206) 623-7600
Fax (206) 623-1752

Case 17-44721-BDL    Doc 118    Filed 03/16/18    Ent. 03/16/18 15:36:17    Pg. 6 of 6