Shawn B. Rediger, WSBA #26425
Daniel A. Brown, WSBA #22028
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
Email: srediger@williamskastner.com
dbrown@williamskastner.com
*Attorneys for Debtors Olympia Office LLC;
WA Portfolio LLC; Mariners Portfolio LLC;
and Seahawk Portfolio LLC*

HON. BRIAN D. LYNCH
Chapter 11
Location: Telephonic/Courtroom I
Hearing Date: April 11, 2018
Hearing Time: 10:00AM
Response Due: April 4, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In Re:

OLYMPIA OFFICE LLC; WA PORTFOLIO LLC; MARINERS PORTFOLIO LLC; and SEAHAWK PORTFOLIO LLC

Debtors.

Chapter 11
CASE NO. 17-44721-BDL-Lead Case
(*Jointly Consolidated*)

DEBTORS' OPPOSITION TO RECEIVER'S MOTION TO APPROVE LEASES AND AUTHORIZE USE OF CASH COLLATERAL

## I. INTRODUCTION

Debtors[1] generally support signing long-term leases and obtaining higher lease rates for the properties at issue. Debtors do not support, however, expensive tenant improvements if there is not enough money to pay property taxes. Also, Debtors are concerned about the large tenant improvement expenditure for the proposed leases as compared to the increase in per square foot price. Further, Debtors are concerned about the substantial fees JSH Properties Inc.

---

[1] Olympia Office, LLC, WA Portfolio, LLC, Mariners Portfolio, LLC and Seahawk Portfolio, LLC

DEBTORS' OPPOSITION TO RECEIVER'S MOTION TO APPROVE LEASES AND AUTHORIZE USE OF CASH COLLATERAL - 1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6407571.2

("JSH") proposes to pay itself as a result of these leases. In the New York bankruptcy, JSH agreed and the Court approved a reduced fee structure. JSH has ignored that fee structure in the current motion, despite this Court's order allowing JSH to remain receiver which specifically "ORDERED the Debtors, Noteholder and Receiver [to] endeavor to negotiate with input from the Office of the United States Trustee arrangements similar in substance" to the fee structure approved by the New York Court. *See* Dkt. # 128. If the parties are unable to negotiate the proper fee structure before the April 11th hearing date, the Court should modify the proposed order to allow the proper fees.

Recent emails from MLMT suggest JSH may not have sufficient funds to pay the property taxes given the current proposed expenditures.[2] This is concerning and surprising. This Court's Order (Dkt. #128, page 10 at ¶3.3.4) requires JSH pay property taxes. As of February 28, 2018, JSH currently holds in excess of $2,272,564.13 in cash (likely increased by over $250,000 since the filing of its declaration). The current proposal requires a cash outlay of $1,817,199, inclusive of substantial lease commissions and construction commissions for JSH. In addition, the 2018 Operating budget provided to debtors a few weeks ago reflect timely payment of property taxes in April 2018.[3]

Below, debtors discuss proposals that will substantially reduce the initial pressure on the cash held by JSH as well as preserve the value of the properties. Further, JSH has presented no evidence the proposed leases must be entered into immediately to preserve tenants (one tenant has two years remaining on its lease term). Before a final decision is made, Debtors request more information (consistent with the type of information required by the New York Bankruptcy Court) and more time to evaluate the prudence of the substantial cash outlay being proposed (Debtors want to make sure property taxes can be paid!). Debtors agree with

---

[2] Ex. A, Declaration of Shawn Rediger ("Rediger Decl.")
[3] Ex. B, Rediger Decl.

DEBTORS' OPPOSITION TO RECEIVER'S MOTION TO APPROVE LEASES AND AUTHORIZE USE OF CASH COLLATERAL - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6407571.2

JSH the proposed transactions are outside the ordinary course of business,[4] and they deserve more scrutiny in light of the significant expenses proposed and the potential cash flow issues raised by MLMT.

## II. BACKGROUND

On or about May 19, 2016, JSH was appointed as a custodial receiver in King County Superior Court, and stayed in that position pursuant to the parties' agreement and various stipulations and orders entered in the United States Bankruptcy Court for the Eastern District of New York, (Cause Nos.16-74892 (lead case), 16-75515, 16-75516, 16-75517) (the "NY Bankruptcy").

On December 29, 2017, Debtors moved to remove JSH based in part on its inaccurate projections, and exorbitant fees. Dkt. #18. On January 24, 2018, MLMT filed a cross-motion to retain JSH. The parties negotiated a stipulation and order which was entered on March 23, 2018. Dkt. #128. In that stipulation the parties are ordered to:

> [N]egotiate with input from the Office of the United States Trustee arrangements similar in substance to the following attached stipulations and orders entered in the United States Bankruptcy Court for the Eastern District of New York (Case No. 16-74892, jointly administered)…

These negotiations expressly included:

> [M]odification of the Receiver's compensation, reporting to be provided by the Receiver to Noteholder and Debtors, and access to information to be provided by Receiver to Noteholder and Debtors.

Indeed, the parties are negotiating the reduction of the substantial fees proposed to be paid to JSH by operation of approval of these very leases. It is these fees and construction costs that substantially deplete the cash held by JSH which require a closer look, and given that the parties are negotiating the issue, it would be premature to approve the fees charged by JSH. It is important that Debtors and this Court understand what the total capital commitment JSH

---

[4] JSH seeks entry of an order under 11 U.S.C. §§363(b)(1) and 363(c)(2)(Dkt. #118).

DEBTORS' OPPOSITION TO RECEIVER'S MOTION TO APPROVE LEASES AND AUTHORIZE USE OF CASH COLLATERAL - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6407571.2

Case 17-44721-BDL    Doc 140    Filed 04/04/18    Ent. 04/04/18 16:28:10    Pg. 3 of 9

proposes to make for all the properties in order to evaluate how these proposals fit within that budget. Obviously these expenses impact the cash on hand and the useable cash position. JSH should not undertake expenditures if there is not enough money to pay the property taxes as they come due- and certainly before JSH is paid (as discussed below, MLMT previously agreed to pay the Receiver's fees if there are not sufficient funds).

### III. AUTHORTY AND ARGUMENT

**A.     General Concerns**

Property taxes to be paid on April 30, 2018 total $217,000. According to the Declaration of Ernie Velton JSH holds $2,272,564.13 in cash as of February 28, 2018. Dkt. #120, at ¶5. Under the stipulated order, JSH must pay the operating expenses, including taxes. Dkt. #128, Ex A. at ¶3.3.4. No pending motions before this Court demonstrate how those funds will be depleted sufficiently to make payment of property taxes an issue. However, in correspondence MLMT has represented that based on "leasing and construction related costs" there might be "liquidity issues" without any further elaboration or explanation.[5] If there is a shortfall for some reason by April 30, 2018, the stipulated order provides that JSH's fees should be paid by MLMT. Dkt. #128, Ex A., page 10 at ¶3.4.3. JSH's fees for the present proposals before this Court total $267,539. Dkt. #120, at pp. 5-8. Therefore, even if all of the proposed costs were incurred up front, if MLMT pays JSH's fees as required by the order there will be ample funds for JSH to make the required property tax payment due April 30, 2018.

Debtors do take issue with the size of the fees sought by JSH and understood MLMT to have similar concerns, given that the parties are currently "endeavoring to negotiate. . . arrangements similar in substance" to what was approved in the NY bankruptcy. For example, JSH agreed to reduce construction fees from a blanket 5% of hard costs to "instances where complex construction is necessary and the Debtors and Noteholder both approve the

---

[5] Ex. A, Rediger Decl.

DEBTORS' OPPOSITION TO RECEIVER'S MOTION TO
APPROVE LEASES AND AUTHORIZE USE OF CASH
COLLATERAL - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6407571.2

construction and the Construction Management Fee, in writing." *See* Dkt. #128, Ex. 2 at ¶3. Debtors submit that approval of leases containing the current fee provisions is premature and causes unnecessary and substantial depletion to the cash on hand. Instead, Debtors reasonably request that JSH provide an itemized list of all fees it has paid itself since May 2016, including the amount, the nature of the transaction, and the party with whom JSH contracted. Debtors should be permitted to examine JSH's transaction history to determine how the cash generated by the properties has been used in order to fully assess the necessity of the proposed lease extensions that stand to deplete the remaining accrued income generated by the properties.

**B.     The Specific Leases at Issue[6]**

      1.     805 South Mission Street, Wenatchee, Washington

Debtors' appraisals in the record demonstrate this property was worth $4,700,000 in January 2017. Dkt. #60, at Ex. I. The proposed capital expenses of $1,317,414 are almost 30% of the value of the entire building. Debtors' appraisal has the highest value for this property of any of the ones before this Court. The appraisal submitted by Midland Loan Services and relied on by this Court values the building (with 100% occupancy) at only $3,600,000. JSH's proposed investment is substantial. Yet, those expenses are not recouped.

Given this investment, the rents proposed are below market. The December 2016 appraisal submitted by the Debtors lists comparable rents in the area of $17 to $20 per sq. ft. Thus, while the current rent of $18.5 per sq. ft. was reasonable without the improvements to the building, JSH is proposing to spend approximately 30% of the building's value with no increase in rent during the first five years of the proposed ten year lease. More reasonable is an increase to market rate for the first five years. The lease should require a rent increase of $1.50 per sq. ft. now to at least offset that expense, as well as an additional $1.50 per sq. ft. starting in year six. In fact, such an increase is proposed, but only for years six to ten of the lease. And

---

[6] The issues raised are detailed further in the Declaration of Scott Switzer filed concurrently.

DEBTORS' OPPOSITION TO RECEIVER'S MOTION TO APPROVE LEASES AND AUTHORIZE USE OF CASH COLLATERAL - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6407571.2

before it is realized the landlord must again spend hundreds of thousands of dollars in additional tenant improvements – negating the value of the rent increase. In total the lease proposes spending over $1.6 million for $212,872 in increased rent which is not even realized until years six through ten.

There is no evidence in the record that JSH attempted to offer less in tenant improvement expenses, nor any evidence that the price per square foot was negotiated. No prior leases This warrants examination because as proposed there is no increase in value of the building due to the new lease, as it is currently occupied, and a prospective buyer may consider deducting the proposed capital expenses from the present value when calculating their offer. Finally, as the leases to the state agencies are cancellable, it would be reasonable to pro-rate the broker commission to a monthly fee, rather than paying and depleting cash at the outset.

Debtors propose (1) an increase in rent starting in year 1 of $1.50 per sq. ft., (2) JSH provide detail about the negotiations, including whether less TIs were offered, (3) JSH provide further detail about the proposed capital expenditures, (4) the $96,738 broker commission be adjusted to a monthly pro-rata fee, and (5) the construction management fee be suspended until the parties agree on an adjusted rate and basis as contemplated in Dkt. #128.

2. 640 Woodland Square Loop, Lacey, Washington

Debtors believe this is a good lease and a fair exchange for the proposed improvements. The terms require $339,000 in expenditures to obtain $266,400 per year in rents. Therefore the outlay results in $1,332,004.00 over five years in rent. Further, the lease increases the value of the building by approximately $4,000,000.[7]

Still, since the proposed leases to the state agencies are cancellable, it would be reasonable to pro-rate the broker commission to a monthly fee, rather than paying and

---

[7] See Declaration of Scott Switzer, at ¶ 5.

DEBTORS' OPPOSITION TO RECEIVER'S MOTION TO APPROVE LEASES AND AUTHORIZE USE OF CASH COLLATERAL - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6407571.2

depleting cash at the outset. Especially if doing so would create a cash crunch which would make it difficult to pay the property taxes as they come due on April 30, 2018.

Debtors propose (1) JSH provide further detail about the proposed capital expenditures, (2) the $101,636 broker commission be adjusted to a monthly pro-rata fee, and (3) the construction management fee be suspended until the parties agree on an adjusted rate and basis as contemplated in Dkt. #128.

3. 645 Woodland Square Loop, Lacey, Washington

With this lease, JSH proposes to spend $160,792 for a 30 month extension of the existing term of lease and a rent increase of only $197 per month totaling $5700 over 30 months. Effectively, this proposed lease extension *costs* $5,360 per month. No explanation for why these terms need to be accepted now is given. Further, a full ten percent ($16,873) of the proposed expenditure constitutes commissions for JSH. Finally, the current per square foot rent is only $17.85 and will only be increased to $18.25 under the proposed lease, whereas the lease on nearby building 640 Woodland Square Loop is $19.40 per square foot per year. Finally these terms are significantly worse than those proposed on or about July of 2017.

Debtors propose (1) JSH provide detail about the negotiations, including whether less TIs were offered, and why the deal needs to completed now, rather than later, (2) JSH provide further detail about the proposed capital expenditures, (3) the $6,554 broker commission be adjusted to a monthly pro-rata fee, and (4) any construction management fee be suspended until the parties agree on an adjusted rate and basis as contemplated in Dkt. #128.

## IV. CONCLUSION

Debtors request the Court direct JSH to provide debtors detail regarding the proposed capital expenditures, substance of the lease negotiations and communications for the proposed leases. In addition, debtors request the court adjust any lease commissions to a monthly pro-

DEBTORS' OPPOSITION TO RECEIVER'S MOTION TO APPROVE LEASES AND AUTHORIZE USE OF CASH COLLATERAL - 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6407571.2

Case 17-44721-BDL    Doc 140    Filed 04/04/18    Ent. 04/04/18 16:28:10    Pg. 7 of 9

1   rata fee.  Finally, debtors request that court suspend payment of any construction management

2   fees until the parties complete negotiations as directed by the order allowing JSH to remain

3   receiver (Dkt. #128).

4         DATED this 4th day of April, 2018.

/s/ Shawn B. Rediger
Shawn B. Rediger, WSBA #26425
Daniel A. Brown, WSBA #22028
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
Email: srediger@williamskastner.com
      dbrown@williamskastner.com
***Attorneys for Debtors Olympia Office LLC; WA Portfolio LLC; Mariners Portfolio LLC; and Seahawk Portfolio LLC***

DEBTORS' OPPOSITION TO RECEIVER'S MOTION TO APPROVE LEASES AND AUTHORIZE USE OF CASH COLLATERAL - 8

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6407571.2

Case 17-44721-BDL    Doc 140    Filed 04/04/18    Ent. 04/04/18 16:28:10    Pg. 8 of 9

# **PROOF OF SERVICE**

The undersigned hereby certifies that on April 4, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants.

DATED this 4th day of April, 2018.

/s/ Shawn B. Rediger, WSBA #26425
Shawn B. Rediger, WSBA #26425
Daniel A. Brown, WSBA #22028
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
Email: srediger@williamskastner.com
dbrown@williamskastner.com
***Attorneys for Debtors Olympia Office LLC;
WA Portfolio LLC; Mariners Portfolio LLC;
and Seahawk Portfolio LLC***

DEBTORS' OPPOSITION TO RECEIVER'S MOTION TO APPROVE LEASES AND AUTHORIZE USE OF CASH COLLATERAL - 9

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6407571.2

Case 17-44721-BDL    Doc 140    Filed 04/04/18    Ent. 04/04/18 16:28:10    Pg. 9 of 9